## JENNINGS v. HOPPE.

1. **Attachment:** INTERVENTION: COSTS. A party who intervenes in an attachment proceeding and claims to be the owner of the attached property, and his right thereto is established, may subsequently maintain an action against the plaintiff for the use of the property and reasonable costs of intervention.

### Appeal from Lee Circuit Court.

### WEDNESDAY, OCTOBER 4.

THE defendant brought an action against James Byers before a justice of the peace, and sued out therein a writ of attachment, by virtue of which a mule and harness were

attached. The plaintiff intervened in said action, claiming that he was the owner of the mule and harness, and asking that he be permitted to so show on the trial, and asked judgment and damages for said property and costs.

There was a trial, and the property adjudged to belong to the plaintiff. Whereupon he brought this action to recover, as reasonable and necessary expenses, certain costs and attorney fees incurred by him, and the value of the use of said property during the time it was held under the writ of attachment.

To the petition the defendant demurred on the ground that " all damages and costs, as set out in the petition, are such as could and should have been recovered in suit brought to protect his (plaintiff's) right, and cannot now be recovered in another suit."

This demurrer was sustained, and plaintiff appeals.

*Gillmore & Anderson,* for appellant.

*Gibson Browne,* for appellee.

Seevers, Ch. J.—No claim is made that there has been an adjudication in relation to the damages or costs for which a recovery is sought in this action. Nor is any other objection made to the petition, except that *all* the damages and costs sued for could and should have been recovered, if at all, in the former action. If, therefore, any portion of such damages were not recoverable in the former action, the demurrer should have been overruled.

Rev., Sec. 2930, provides that any person shall be entitled to intervene in an action who has an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both.

The mule and harness were not the subject matter of the litigation between the defendant and Byers in the original action; nor between them could the validity of the attachment or whether such property had been rightfully levied on thereunder be in any manner litigated. It, therefore, follows that the plaintiff could not and did not intervene under this section, and his rights in this action are not to be governed or prejudiced thereby.

Jennings v. Hoppe.

The intervention was under Rev., Sec. 3237, which provides in substance that· any person other than the defendant may, before the sale of any attached property, * * present his petition to the court, * * setting forth the facts upon which his claim to the property is founded; whereupon his claim shall be investigated, * * and the court shall make such order as will protect his rights. The costs of such proceeding shall be paid by either party, at the discretion of the court.

1. ATTACH-MENT: intervention: costs.

Could the plaintiff have recovered damages for use or loss of service of the property in the intervention proceeding? We think not. The only question that could be determined was his right or title to the property; nothing more is contemplated, and the court should protect such right by whatever order is necessary.

In actions to recover specific personal property, the statute expressly provides that damages for the detention of the property may be recovered in such action.

This proceeding of intervention is purely statutory, and in the absence of a provision expressly, or by necessary implication, allowing damages to be recovered, we are at a loss to know upon what principle such a claim can be based.

It is a mistake to suppose, as claimed by counsel, that section 3237 applies only to specific attachments. On the contrary, it applies to "any attached property," and to all cases.

Here we might stop, but, in view of a re-trial of this cause, we deem it proper to say that we incline *strongly* to the opinion that all costs incurred, or which were recoverable in or by reason of the former action, should have been disposed of, settled and determined therein, and cannot be made the subject of another action.

Again, we do not know as we understand what is meant by boarding witnesses, and one or two other items of the same character; but if it is intended thereby to recover costs other than the taxable fees of witnesses, we *strongly* incline against the right to recover such on other grounds.

For the reason above stated, the judgment of the Circuit Court is

REVERSED.